# CIV-150520-CIV-DS1507069-CSPI-104702



## Scanned Document Coversheet

System Code:    CIV

Case Number:    DS1507069

Case Type:    CIV

Action Code:    CSPI

Action Date:    05/20/15

Action Time:    10:47

Action Seq:    0002

Printed by:    TWITT

> THIS COVERSHEET IS FOR COURT PURPOSES ONLY, AND THIS IS NOT A PART OF THE OFFICIAL RECORD. YOU WILL NOT BE CHARGED FOR THIS PAGE

## Complaint Filed



NEW FILE

Exhibit A

SCANNED

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

MAY 20 2015

BY _____
TERRY WITTENBORN, DEPUTY

1    Alan I. Schimmel, Esq.  SBN 101328
     Michael W. Parks, Esq. SBN 154531
2    Stacey R. Cutting, Esq.  SBN 265993
     SCHIMMEL & PARKS
3    15303 Ventura Blvd., Suite 650
     Sherman Oaks, CA 91403
4    Telephone: 818.464.5061/Facsimile: 818.464.5091

5

6    Attorneys for Plaintiff LOURDES LEFEVRE, and all
     similarly situated and aggrieved employees.

7                                                          $435.00
                                                           150520-0907
8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9           FOR THE COUNTY OF SAN BERNARDINO - CIVIL DIVISION DISTRICT

10

11   LOURDES LEFEVRE, an individual, on behalf )   Case No.  CIVDS1507069
     of herself and all similarly situated and aggrieved )
12   employees.                                )
                                               )   CLASS ACTION COMPLAINT FOR
13                          Plaintiffs,         )   DAMAGES:
                                               )
14   vs.                                        )   1)   VIOLATION OF CALIFORNIA
                                               )        LABOR CODE §§510, 1198--
15   FIVE STAR QUALITY CARE, INC., a            )        UNPAID OVERTIME WAGES;
     Maryland Corporation; DOES 1 through 25,   )   2)   VIOLATIONS OF CALIFORNIA
16   inclusive,                                 )        LABOR CODE §226.7 AND
                                               )        512(a)–MEAL PERIOD
17                          Defendants.         )        VIOLATIONS;
     _____)   3)   VIOLATIONS OF CALIFORNIA
18                                                      LABOR CODE §226.7–REST
                                                        BREAK VIOLATIONS;
19                                                 4)   FAILURE TO PROVIDE WAGE
                                                        STATEMENTS IN VIOLATION
20                                                      OF CALIFORNIA LABOR CODE
                                                        §226;
21                                                 5)   FAILURE TIMELY TO PAY
                                                        WAGES IN VIOLATION OF
22                                                      CALIFORNIA LABOR CODE §204;
                                                   6)   FAILURE TO KEEP ACCURATE
23                                                      PAYROLL RECORDS;
                                                   7)   FAILURE TO REIMBURSE FOR
24                                                      REASONABLE BUSINESS
                                                        EXPENSES;
25                                                 8)   UNFAIR BUSINESS PRACTICES;
                                                   9)   FAILURE TO COMPLY WITH
26                                                      PRIVATE ATTORNEYS
                                                        GENERAL ACT (PAGA);
27
                                                   **DEMAND FOR JURY TRIAL**
28

_____
                        COMPLAINT FOR DAMAGES                    Exhibit A

2014-1049
67240.wpd

1     **COMES NOW, PLAINTIFF, LOURDES LEFEVRE,** on her behalf ("Plaintiff"), and

2 on behalf of all others similarly situated ("Plaintiff Class"), and as authorized under the California

3 Private Attorney General's Act,  and through her attorneys of record, and for causes of action

4 against Defendants, alleges as follows:

5 **INTRODUCTION**

6     1.     This class action and enforcement action is brought pursuant to California Code of

7 Civil Procedure section 382 and the Labor Code Private Attorneys General Act of 2004, California

8 Labor Code section 2698 et seq. ("PAGA") to recover damages, wages, penalties, and all other

9 available relief on behalf of Plaintiff, the State of California, and all other persons who are or were

10 employed by Defendant FIVE STAR QUALITY CARE, INC. in the state of California, and who

11 suffered one or more of the Labor Code violations set forth in this complaint..

12     2.     Plaintiff LOURDES LEFEVRE (hereinafter "Plaintiff"), is, and at all relevant times

13 was, an individual who resides in the State of California in the County of San Bernardino.

14     3.     Plaintiff is informed and believes that defendant FIVE STAR QUALITY CARE,

15 INC. is and at all relevant times mentioned herein was a senior living provider operating a number

16 of locations in the state of California, including locations in San Bernardino County.  Plaintiff is

17 informed and believes that Defendant is a Maryland corporation, with its principal place of business

18 in Massachusetts.

19     4.     The true names and capacities, whether individual, corporate, associate, or otherwise,

20 of Defendants sued herein as Does 1 though 25, inclusive, are currently unknown to Plaintiff who

21 therefore sues Defendants such fictitious names under Code of Civil Procedure §474.  Plaintiff is

22 informed and believes, and based thereon alleges, that each of the Defendants designated herein as a

23 Doe is legally responsible in some manner for the unlawful acts referred to herein.  Plaintiff will seek

24 leave of Court to amend this Complaint to reflect the true names and capacities of the Defendants

25 designated hereafter as Does when such entities become known.  Defendant FIVE STAR

26 QUALITY CARE, INC. and Does 1 through 25 are collectively referred to as "Defendant."

27     5.     Plaintiff was initially hired by Defendant in or about January 15, 2013.  Plaintiff was

28 employed by Defendant within Defendant's "Business Unit" known as "Somerford Redlands"

1   located in Redlands, California. Plaintiff performed "personal care" work at the Redlands location.

2   Plaintiff's paycheck stubs identify her employer as "Five Star Quality Care, Inc."

3        6.    Plaintiff has brought this action, pursuant to Code of Civil Procedure §382, on

4   behalf of a Plaintiff Class of employees currently and formerly employed by Defendant in the state

5   of California. For at least three (3) years prior to filing of this action and through the present,

6   Plaintiff is informed and believes that Defendant has violated the California Labor Code and

7   applicable California Wage Orders in the manners alleged herein. For at least (4) years prior to the

8   filing of this action and through the present, Plaintiff is informed and believes that Defendant has

9   violated California Business & Professions Code §17200 in the manners alleged herein.

10        7.    Plaintiff served February 17, 2015 correspondence on Defendant and on the

11   California Labor and Workforce Development Agency ("LWDA") providing notice of her intent to

12   bring a private attorneys general action for recovery of penalties under the California Labor Code

13   Private Attorneys General Act of 2004, California Labor Code §2698, et seq. ("PAGA"). See Arias

14   v. Superior Court, 46 Cal. 4 th 969 (2009). Plaintiff has exhausted her administrative prerequisites to

15   filing a PAGA action. PAGA permits an "aggrieved employee" to bring a lawsuit for civil penalties

16   for California Labor Code violations committed against himself or herself and other current and

17   former employees, to address an employer's violations of the California Labor Code. With the

18   conclusion of the PAGA exhaustion period, Plaintiff seeks penalties as a private attorney general for

19   the California Labor Code violations committed against her and Defendants' other current and other

20   former California employees.

21        8.    This is also a class action arising from Defendants' systematic violations of the

22   California Labor Code pertaining to Defendant's: (i) failure to pay overtime wages; (ii) failure to

23   authorize and permit rest periods; (iii) failure to pay timely wages both during employment and upon

24   separation from employment; (iv) failure to issue compliant itemized wage statements; (v) failure to

25   provide lawful meal breaks; (vi) failure to provide accrued vacation; (vii) failure to pay all wages due

26   upon separation from employment with Defendant and (viii) claims for unfair competition.

27        9.    Plaintiff, on her behalf and on behalf of all Class Members, brings this action

28   pursuant to Labor Code §201, 202, 203, 226.7, 512, 2699, 2802, and California IWC Wage Order

1   No. 4-2001, seeking unpaid overtime wages, unpaid rest break and meal period compensation,

2   penalties, injunctive and other equitable relief, and reasonable attorneys' fees and costs.

3        10.    Plaintiff, on her behalf and on behalf of a class, pursuant to Business & Professions

4   Code § 17200 *et seq.*, also seeks injunctive relief, restitution, and disgorgement of all wages, and

5   money owed to Plaintiffs by Defendant from: (1) failure to pay proper wages, and overtime wages;

6   and (2) failure to compensate for rest and meal periods due.  In addition, waiting time penalties and

7   enforcement of civil penalties are sought pursuant to Business and Professions Code §17200 *et seq.*,

8   Labor Code §203, and Labor Code §2698 *et seq.*

9                            **FACTUAL BACKGROUND**

10       11.    Plaintiff alleges that the employment relationship that gave rise to the allegations set

11  forth herein was entered into in California, and that the subject of said employment relationship

12  arose in the County of San Bernardino and is subject to all applicable wage and hour laws in

13  furtherance of the public policies of the state of California.

14       12.    Plaintiff commenced her employment with Defendant in and around January, 2013.

15  Plaintiff is informed and believes that Defendant's unlawful pay, wage and hour practices applicable

16  to Plaintiff, have also been applied by Defendant to other employees who are current and/or former

17  employees of Defendant working in locations throughout the state of California.

18       13.    Plaintiff is informed and believes that Defendant has implemented standardized

19  employment policies in California which are contrary to California law and which have resulted in

20  Plaintiff and similarly situated employees being deprived of wages and break periods as required by

21  California law.  For instance, Plaintiff is informed and believes that Defendant specifies in its

22  employee manual that rest breaks are a "company benefit" when, to the contrary, rest breaks are

23  mandated and required by state law.  Plaintiff is also informed and believes that Defendant fails to

24  comply with state law and does not provide proportional fractional break times based on the total

25  number of hours of a shift worked thereby depriving Plaintiff and other similarly situated employees

26  with sufficient required breaks.

27       14.    Plaintiff is also informed and believes that she and other similarly situated employees

28  have been required to work overtime hours in excess of 8 hours per day and/or 40 hours per week,

1  as well as overtime holiday hours, without receiving all overtime and other wages at wage rates due

2  and owing for such overtime and/or overtime holiday hours worked.  For instance, Plaintiff was

3  paid overtime at the rate of $5.00 per hour.  Plaintiff was also not paid overtime for "7-days" in

4  which she worked consecutive/excess holiday hours.  Plaintiff is informed and believes that

5  Defendant's payroll practices shorted and/or miscalculated and misreported overtime wage rates

6  and hours worked by Plaintiff and other similarly situated employees resulting in significant loss of

7  money and property and resulting wage damages.

8         15.    Plaintiff is also informed and believes that Defendant improperly charges and/or

9  deducts amounts from Plaintiff's and other similarly situated employees' paychecks for shoes and

10  other employer-related uniforms and/or equipment for which the employer is obligated to pay

11  under California law.  For instance, Plaintiff's pay stub for the pay period ending November, 30,

12  2013, included a deduction of $5.00 for "Shoe."

13         16.    Plaintiff is also informed and believes that Defendant routinely failed to provide

14  Plaintiff and other similarly situated employees with meal breaks that complied with California law

15  and required Plaintiff and others to continue to work and stay at their work stations, known at

16  "cottages" even during meal and rest break periods.  Due to the lack of coverage and the lack of

17  persons who could float or cover at work stations, particularly when it came to "NOC" shifts,

18  Plaintiff was required to stay at her work station to cover patients/residents even when she was

19  "clocked out."  Plaintiff is informed and believes that Defendant regularly and systematically

20  followed the practice of instructing Plaintiff and other employees to "clock out" but to stay at their

21  cottages to cover during meal and rest breaks.

22         17.    Plaintiff is also informed and believes that Defendant routinely failed to provide

23  paper copies of itemized paycheck stubs to its employees and that employees were required to incur

24  a loss of money and property to have their own paycheck stubs printed. For instance, Plaintiff was

25  never provided with a paper copy of her paycheck stub by her employer and in order to obtain a

26  copy of her paycheck stub, she was required to print them out herself.

27         18.    Plaintiff is informed and believes that based on the large number of locations and

28  the significant number of employees and shifts managed by Defendant in the state of California, that

**COMPLAINT FOR DAMAGES**        **Exhibit A**

5

2014-1049
67240.wpd

1    the improper and/or illegal wage and hour practices alleged herein, adversely impacted and harmed

2    a class of more than 250 past and current employees of Defendant.

3                                    **CLASS ALLEGATIONS**

4            19.    In addition to her PAGA claims alleged herein, Plaintiff seeks monetary damages,

5    restitution and civil penalties on behalf of specific classes of similarly situated persons employed by

6    Defendant in California.  Plaintiff brings this action on behalf of herself and all others similarly

7    situated as a class action pursuant to Code of Civil Procedure §382.  The following Classes that

8    Plaintiff seeks to represent is composed of and defined as follows:

9            a.    A class of Plaintiff and similarly situated hourly employees employed by

10                  Defendant in California who were non-exempt and not paid at the proper

11                  hourly rate and for all overtime hours worked in excess of eight (8) hours per

12                  day and/or forty (40) hours per week and/or for all holiday hours worked,

13                  during the class period ("OT Class");

14           b.    Classes of Plaintiff and similarly situated employees employed by Defendant

15                  in California who were not provided required and proper meal breaks and

16                  required and proper rest breaks ("Meal break Class", "Rest break Class");

17           c.    A class of Plaintiff and similarly situated employees employed by Defendant

18                  in California who were forced to incur deductions of expenses on behalf of

19                  their employer in the performance of their duties as required by Defendant

20                  and without being reimbursed as required under California Labor Code

21                  section 2802 ("Deduction/unreimbursed Class");

22           20.    The Class period is designated as the time from May, 2011, through the trial date, or

23    as long as will be permitted by law and/or statute, based upon information and belief that the

24    violations of the California Labor Code and/or California Business & Professions Code, as

25    described in this complaint, have been long standing and are continuing to this date.  Plaintiff herein

26    reserves the right to amend this Complaint for damages and restitution to reflect a different Class

27    Period as discovery in this matter proceeds.

28           21.    This lawsuit includes claims brought as a class action on behalf of each Plaintiff Class

identified in Paragraph 19 which is made up of persons who are and/or have been employed by Defendant and who were not paid proper wages and/or lost money and/or property in violation of California law. Throughout discovery in this litigation, Plaintiff may find it appropriate and/or necessary to amend the definition of the Classes and/or to provide for Subclasses. In any event, Plaintiff will formally define and designate a class definition at such time when Plaintiff seek to certify the Class(es) and/or Subclasses.

22. On behalf of herself and similarly situated employees, Plaintiff alleges that Defendant has engaged in a pattern and practice of violating the rights of employees and its duties as an employer in contravention of the laws and regulations of the state of California.

23. Plaintiff is informed and believes, and on that basis alleges, that during the class period, a significant number of individuals located throughout California have been employed by Defendant in the "aide" position and/or as employees within the collective and similarly situated classes identified in this complaint. Because members of each of the proposed classes are so numerous and/or easier to identify and locate through the classes of employees found in the centralized records and data of Defendant, joinder of all members is impossible and/or impracticable. Moreover, Defendant operates locations throughout the state of California which further renders joinder to be impracticable and the class action to be a superior device for determination of the rights and obligations of the parties.

24. This action may properly be maintained as a class action because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable:

    a. Numerosity: The potential members of the Classes as defined are so numerous that joinder of all the members of the Classes is impracticable. While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes that each of the classes of current and former Five Star Quality employees employed in California exceeds at least 250 people.

    b. Commonality: There are questions of law and fact common to the Plaintiff and to each of the Classes that predominate over any questions affecting only Plaintiff or individual members of the Classes.

2014-1049
67240.wpd

c.    Typicality: Plaintiff's claims are typical of the claims of the Classes. Plaintiff and all members of the Classes sustained loss of money, property and/or wages applicable to each class arising out of and caused by Defendant's common course of conduct in violation of law as alleged herein.

d.    Adequacy Of Representation: As the proposed class representative, Plaintiff has standing and a common interest with other members of the proposed classes and will fairly and adequately represent and protect the interests of the Class Members. Counsel who represents the Plaintiff is competent and experienced in litigating large wage-and-hour and other class actions.

e.    Superiority Of Class Action: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Classes. Each Class Member has been damaged and is entitled to recovery by reason of Defendant's illegal policies and practices. Even if every individual Class Member could afford individual litigation, the court system could not.  It would be unduly burdensome to the court in which the individual litigation of the numerous cases would proceed.  Individualized litigation would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. In addition, if each individual Class Member was required to file an individual lawsuit, the large corporate Defendants would necessarily gain an unconscionable advantage because Defendant would be able to exploit and overwhelm the limited resources of each individual Class Member with Defendant vastly superior financial and legal resources. By contrast, the conduct of this action as a class action presents few management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class Member. Plaintiff anticipates no difficulty in the management of this action as a class action since the unlawful conduct at issue is the same with respect to all Class Members.

**COMPLAINT FOR DAMAGES**          **Exhibit A**

25.     The prosecution of separate actions by individual Class Members may create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class Members not parties to such adjudication or that would substantially impair or impede the ability of such non-party Class Members to protect their interests.

26.     The prosecution of individual actions by Class Members could establish inconsistent standards of conduct for Five Star Quality Care.

27.     Defendant has acted, or refused to act, in respects generally applicable to the Classes as a whole, thereby making appropriate final and injunctive relief or corresponding declaratory relief with regard to members of the class as a whole, as requested herein. Likewise, Defendant's conduct as described above is unlawful, continuing, and capable of repetition and will continue unless restrained and enjoined by the Court.

28.     The names and addresses of the Plaintiff Classes are available from the business records of Defendant.  Notice will be provided to the Plaintiff Classes via first class mail and/or by the use of techniques and a form of notice similar to those customarily used in class actions.

29.     Notice to the members of the Plaintiff Classes may be made by first-class mail addressed to all persons who have been individually identified by Defendant through access to Defendant's business records.  Alternatively, if Defendant cannot produce a list of Plaintiff Classes' members' names and addresses, the members of the Plaintiff Classes may be notified by publication in the appropriate newspapers, and by posting notices in Defendant' places of business in the State of California.

## FIRST CAUSE OF ACTION

## (VIOLATION OF CALIFORNIA LABOR CODE §§510, 1198--UNPAID OVERTIME WAGES )

### (DEFENDANT FIVE STAR QUALITY CARE and DOES 1-25)

30.     Plaintiff incorporates by reference and re-alleges as if fully stated herein the allegations set out above in paragraphs 1 through 29.

31.     California Labor Code section 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order. California Labor Code section

1   1198 requires that "... the standard conditions of labor fixed by the commission shall be the...

2   standard conditions of labor for employees. The employment of any employee... under conditions of

3   labor prohibited by the order is unlawful."

4       32.    Labor Code § 510 and Wage Order 4, § 3(A) require employers to pay employees

5   one-and-one-half (1-1/2) times the regular hour rate for all those hours worked in excess of eight (8)

6   in one workday and in excess of forty (40) hours in one workweek and for the first eight hours

7   worked on the seventh day of work in any one workweek. Labor Code § 510 and Wage Order 4, §

8   3(A) further require employers to pay employees two (2) times the regular rate of pay for hours

9   worked in excess of twelve (12) hours per day and, on the seventh consecutive workday, any work in

10   excess of eight (8) hours.

11       33.    Labor Code § 1194 entitles an employee receiving less than the legal overtime

12   compensation to recover in a civil action the unpaid balance of the full amount of this minimum

13   wage, including interest thereon, reasonable attorney's fees, and costs of suit.

14       34.    At all relevant times, Defendants have failed to pay overtime compensation to

15   Plaintiff and the OT Class as alleged above in violation of Labor Code § 510 and Wage Order 4,

16   §3(A).

17       35.    As a result of Defendants' conduct, Plaintiff and the OT Class have been and

18   continue to be deprived of overtime compensation in an amount to be determined at trial, and are

19   entitled to recovery of such amounts, including interest thereon, reasonable attorney's fees, and costs

20   of suit pursuant to Labor Code § 1194.

21   **SECOND CAUSE OF ACTION**

22   **(VIOLATIONS OF CALIFORNIA LABOR CODE §226.7 AND 512(a)–MEAL PERIOD**

23   **VIOLATIONS)**

24   **(DEFENDANT FIVE STAR QUALITY CARE and DOES 1-25)**

25       36.    Plaintiff incorporates by reference and re-alleges as if fully stated herein the

26   allegations set out above in paragraphs 1 through 35.

27       37.    At all relevant times herein set forth, the applicable IWC Wage Order(s) and

28   California Labor Code sections 226.7 and 512(a) were applicable to Plaintiff's and the Meal Period

1   Class's employment by Defendant.

2          38.     At all relevant times herein set forth, California Labor Code section 226.7 provides

3   that no employer shall require an employee to work during any meal period mandated by an

4   applicable order of the IWC.

5          39.     At all relevant times herein set forth, California Labor Code section 512(a) provides

6   that an employer may not require, cause, or permit an employee to work for a period of more than

7   five (5) hours per day without providing the employee with a meal period of not less than thirty (30)

8   minutes, except that if the total work period per day of the employee is not more than six (6) hours,

9   the meal period may be waived by mutual consent of both the employer and the employee.

10         40.     During the relevant time period, Plaintiff and members of the Meal Period Class

11  were required to work for periods longer than five (5) hours without a meal period of not less than

12  thirty (30) minutes.

13         41.     During the relevant time period, Defendant had a practice of failing to provide

14  Plaintiff and similarly situated employeeswith timely, 30-minute meal periods before the end of the

15  fifth hour of work. Additionally, Defendant required Plaintiff and members of the Meal Period Class

16  to continue to work for uninterrupted periods through meal breaks such that Plaintiff and other

17  similarly situated employees were not relieved of all duties such and consequently could not take

18  timely, compliant meal periods.

19         42.     Defendant also had a policy and/or practice of not paying meal period premiums

20  when compliant meal periods were not provided. As a result, Defendant failed to provide Plaintiff

21  and members of the Meal Period Class all compliant meal periods and failed to pay the full meal

22  period premiums due in violation of California Labor Code sections 226.7 and 512. Defendant's

23  conduct violates applicable IWC Wage Order(s), and California Labor Code sections 226.7 and

24  512(a).

25         43.     Pursuant to the applicable IWC Wage Order(s) and California Labor Code section

26  226.7(b), Plaintiff and Members of the Meal Period Class are entitled to recover from Defendant

27  one (1) additional hour of pay at the employee's regular hourly rate of compensation for each work

28  day that the meal period was not provided. As a result of Defendant's unlawful acts, Plaintiff and the

**COMPLAINT FOR DAMAGES**          **Exhibit A**

1    Meal Period Class have been deprived of wages in amounts to be determined at trial, and are entitled

2    to recovery of such amounts, plus interest thereon, attorneys' fees, costs, and penalties.

3                                    **THIRD CAUSE OF ACTION**

4    **(VIOLATIONS OF CALIFORNIA LABOR CODE §226.7–REST BREAK VIOLATIONS)**

5                     **(DEFENDANT FIVE STAR QUALITY CARE and DOES 1-25)**

6           44.     Plaintiff incorporates by reference and re-alleges as if fully stated herein the

7    allegations set out above in paragraphs 1 through 43.

8           45.     Labor Code § 226.7 and Wage Order 4 require that the employer provide rest

9    periods in which the employee is relieved of all duty at the rate often (10) minutes net rest time per

10   four (4) hours or major fraction thereof.

11          46.     Labor Code §§ 226.7, 512, and Wage Order 4 provide that an employee shall receive

12   premium pay of one hour pay for days worked in which they miss a rest period.

13          47.     Plaintiff and the Rest period Class were regularly denied their right to take rest

14   periods in which they were relieved of all duty.

15          48.     Defendant has failed to pay Plaintiff and the Rest period Class premium pay for

16   missed rest periods. Defendant has also wrongly categorized rest breaks as a "company benefit",

17   thereby misleading employees and avoiding Defendant's mandatory obligations to provide such rest

18   breaks as required by California law.

19          49.     By the failure to provide rest periods, and the failure to pay premium pay, Defendant

20   violate the provisions of the applicable Wage Orders and Labor Code sections. As a result of

21   Defendant's unlawful acts, Plaintiff and the Rest period Class have been deprived of wages in

22   amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest

23   thereon, attorneys' fees, costs, and penalties.

24                                   **FOURTH CAUSE OF ACTION**

25   **(FAILURE TO PROVIDE WAGE STATEMENTS IN VIOLATION OF CALIFORNIA**

26                                    **LABOR CODE §226)**

27                     **(DEFENDANT FIVE STAR QUALITY CARE and DOES 1-25)**

28          50.     Plaintiff incorporates by reference and re-alleges as if fully stated herein the

2014-1049
67240.wpd

1    allegations set out above in paragraphs 1 through 49.

2         51.    Labor Code § 226(a) requires employers, at the time of each payment of wages, to

3    provide each employee with an accurate wage statement itemizing, among other things, the total

4    hours worked by the employee, the applicable hourly rate, the gross and net wages earned by the

5    employee in the pay period, and the name and address of the legal entity that is the employer.

6         52.    Labor Code § 226(e) provides that an employee suffering injury as a result of a

7    knowing and intentional failure by an employer to comply with Labor Code § 226(a) is entitled to

8    recover the greater of his or her actual damages or a penalty of $50 for the initial pay period in

9    which a violation occurs and $100 per employee for each violation in subsequent pay periods (up to

10   a maximum of $4,000), in addition to attorneys' fees and costs.

11        53.    Plaintiff and the OT Class are informed, believe and allege thereon, that since at least

12   four years before the filing of this action, Defendants have knowingly and intentionally failed to

13   provide accurate itemized wage statements to Plaintiff and the Classes in accordance with Labor

14   Code § 226(a).

15        54.    Plaintiff and the OT Class are informed, believe, and allege thereon, that the wage

16   statements Defendants provided to Plaintiff and the Classes do not  reflect all hours worked, the

17   applicable wage rates paid, or the identity of all of the legal entities that employ Plaintiff and the

18   Classes.

19        55.    As a result of Defendants' acts and omissions in violation of Labor Code § 226,

20   Defendants are liable to Plaintiff and the Classes for $50 for each initial pay period when a violation

21   occurred and $100 for each subsequent violation up to $4,000, and reasonable attorneys' fees and

22   costs of this suit pursuant to Labor Code § 226(e).

23        56.    Pursuant to Labor Code § 226.3, Defendants are also liable for civil penalties per

24   employee per violation.

25                              **FIFTH CAUSE OF ACTION**

26     **(FAILURE TIMELY TO PAY WAGES IN VIOLATION OF CALIFORNIA LABOR**

27                                    **CODE §204)**

28             **(DEFENDANT FIVE STAR QUALITY CARE and DOES 1-25)**

---

**COMPLAINT FOR DAMAGES**            **Exhibit A**

13

57.     Plaintiff incorporates by reference and re-alleges as if fully stated herein the allegations set out above in paragraphs 1 through 56.

58.     California Labor Code §204 in part provides, "[a]ll wages ... earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays."

59.     Defendant designated regular paydays and paid Plaintiff bi-weekly.

60.     However, as discussed in detail above, Defendant did not pay Plaintiff "all wages earned." Defendant does not pay Plaintiff and the OT Class the minimum overtime wages due for overtime hours worked. Defendant also does not pay Plaintiff and the Rest Time Class the minimum wage due for rest periods or the §226.7 "additional hour of pay at the employee's regular rate of compensation for each workday that the ... rest... period is not provided" due as a result of Defendant's failure separately to compensate Plaintiff and the Rest Time Class for rest periods. Defendant thus violates §204.

61.     Wherefore, Plaintiff requests an award of civil penalties and other relief against Defendant as set forth below.

### SIXTH CAUSE OF ACTION

### (FAILURE TO KEEP ACCURATE PAYROLL RECORDS)

### (DEFENDANT FIVE STAR QUALITY CARE and DOES 1-25)

62.     Plaintiff incorporates by reference and realleges as if fully states herein the allegations set above in paragraphs 1 through 61.

63.     In relevant part, Labor Code § 1174(d) requires employers to keep payroll records showing the hours worked daily by and the wages paid to employees. Likewise, the relevant Wage Orders require employers to keep accurate records for each employee in regards to total wages paid each payroll period, total hours worked in the payroll period and applicable rates of pay, as well as time records showing when employees begin and end each work period, including meal periods, split shift intervals, and total daily hours. Wage Order 4 § 7 (A); Wage Order 15 § 7 (A).

64.     Labor Code § 1174.5 subjects an employer who willfully fails to maintain the accurate and complete records of subdivision (d) of § 1174 to a civil penalty of five hundred dollars

---

2014-1049
67240.wpd

1   ($500).

2          65.     Defendant has violated Labor Code § 1174(d) as well as Wage Order 4, § 7(A) and

3   Wage Order 15, § 7(A) by willfully failing to keep required payroll records showing the actual hours

4   worked each day by Plaintiff and the OT Class.

5          66.     As a result of Defendant's failure to maintain accurate payroll records, Plaintiff and

6   the Classes have suffered actual economic harm as they have been precluded from accurately

7   monitoring their number of hours worked and thus prevented from seeking all wages owed,

8   including earned overtime pay and accrued vacation pay.

9          67.     Plaintiff and the OT Class are entitled to recover a civil penalty of $500 for each

10  violation under Labor Code § 1174.5 and request further relief as described below.

11                            **SEVENTH CAUSE OF ACTION**

12      **(FAILURE TO REIMBURSE FOR REASONABLE BUSINESS EXPENSES)**

13              **(DEFENDANT FIVE STAR QUALITY CARE and DOES 1-25)**

14         68.     Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through

15  67, as though fully set forth herein.

16         69.     California Labor Code §2802(a) provides in pertinent part:

17             An employer shall indemnify his or her employee for all necessary expenditures or

18             losses incurred by the employee in direct consequence of the discharge of his or her

19             duties, or of his or her obedience to the directions of the employer, even though

20             unlawful, unless the employee, at the time of obeying the directions, believed them

21             to be unlawful.

22             Wage order 4-2001, Section 9(B), provides that "When tools or equipment are required by

23  the employer or are necessary to the performance of a job, such tools and equipment shall be

24  provided and maintained by the employer, except that an employee whose wages are at least two (2)

25  times the minimum wage provided herein may be required to provide and maintain hand tools and

26  equipment customarily required by the trade or craft."

27         70.     During the liability period, Plaintiff and the Deduction/Unreimbursed Class

28  members incurred necessary expenditures and losses in direct consequence of the discharge of their

---

1   employment duties and their obedience to the directions of Defendant.  Plaintiff and the

2   Deduction/Unreimbursed Class members were required by Defendant to pay for and purchase

3   certain apparel/shoes which were taken as a deduction from their pay.

4        71.     Plaintiff is informed and believes that pursuant to California Labor Code §2802 and

5   Wage Order 4-2001, Section 9(B), Plaintiff and the Deduction/Unreimbursed Class members are

6   entitled to recover their un-reimbursed expenditures and losses, interest, property, and attorneys'

7   fees and costs, in amounts to be proven at time of trial.

8        72.     Further, with regard to all un-reimbursed expenditures and losses described herein,

9   which are all violations of IWC Wage Order 4-2001, Plaintiff and the Deduction/Unreimbursed

10   Class members are entitled to recover penalties of $50 for the initial violation and $100 for each

11   subsequent violation for every pay period in which Defendant made said illegal deductions from the

12   wages of Plaintiff and the class members.

## EIGHTH CAUSE OF ACTION

## (UNFAIR BUSINESS PRACTICES)

## (DEFENDANT FIVE STAR QUALITY CARE and DOES 1-25)

16        73.     Plaintiff incorporates by reference and realleges as if fully states herein the allegations

17   set above in paragraphs 1 through 72.

18        74.     Beginning on a date unknown to Plaintiff, but beginning at least since four years

19   before the filing of this action, through Defendants' acts and omissions alleged herein, Defendants

20   committed and continue to commit unlawful acts that violated and continue to violate Business and

21   Professions Code section 17200.

22        75.     Defendants' unlawful acts include violating Labor Code sections as alleged in the

23   first through seventh causes of action.  Defendant is engaging in unlawful business acts and

24   practices by violating California law including, but not limited to, *Labor Code* § 201-203, 204, 226,

25   226.7, 227.3, 512, 1174, 1174.5. 1194, 1197, 2802, and 2699 (PAGA) as well as the applicable Wage

26   Order.

27        76.     Defendant's violation of these statutes and regulations independently and separately

28   constitute an unlawful business practice within the meaning of Business and Professions Code §

---

**COMPLAINT FOR DAMAGES**                    **Exhibit A**

16

1 | 17200.

2 | 77.     As a result of the aforementioned acts, Plaintiff and the Classes described in

3 | Paragraph 19 above have lost and continue to lose money and/or property and suffered and

4 | continue to suffer injury in fact. Defendants continue to hold unpaid wages legally belonging to

5 | Plaintiff and the Classes.

6 | 78.     Plaintiff and each of the Classes are entitled to restitution in the amounts unlawfully

7 | withheld by Defendants, with interest, injunctive relief, as well as an award of attorneys' fees and

8 | costs. See Cortez v. Purolator Air Filtration Products Co. (2000) 23 Cal.4th 163, 173 ("Unlawfully

9 | withheld wages may be recovered as restitution in a UCL action.").

10 | 79.     Accordingly, Plaintiff respectfully request that the Court award judgment and relief

11 | in their favor as described herein.

12 | **NINTH CAUSE OF ACTION**

13 | **(FAILURE TO COMPLY WITH PRIVATE ATTORNEYS GENERAL ACT)**

14 | **(DEFENDANT FIVE STAR QUALITY CARE and DOES 1-25)**

15 | 80.     Plaintiff incorporates by reference and realleges as if fully stated herein the

16 | allegations set above in paragraphs 1 through 79.

17 | 81.     On a representative and/or a class action basis, Plaintiff seeks recovery of penalties

18 | under the Private Attorneys General Act of 2004 ("PAGA"), Labor Code §§ 2698, et seq.

19 | 82.     PAGA permits an "aggrieved employee" to recover penalties on behalf of himself

20 | and other current or former employees against an employer for violations of Labor Code provisions

21 | alleged herein, including Labor Code §§ 201-204, 226, 226.3, 226.7, 227.3, 510, 512, 1174, 1174.5,

22 | 1194, 1197, 1198, and 2802.

23 | 83.     PAGA further provides for enforcement of the penalty provisions of Labor Code §

24 | 558. Section 558 authorizes recovery of civil penalties against the employer and persons who acted

25 | on behalf of the employer or who have caused the employer to violate § 510, § 512, and/or any

26 | provision regulating hours and days of work in any Wage Order.

27 | 84.     Plaintiff is an aggrieved employee because she was employed by the alleged violator

28 | and the alleged violations were committed against her.

**COMPLAINT FOR DAMAGES**                    **Exhibit A**

85.     Plaintiff complied with the PAGA notice provision set forth in Labor Code §

2699.3(a)(1), by providing a certified letter to the Labor Workforce Development Agency and the

employer of the specific provisions of the Labor Code alleged to have been violated, including the

facts and theories to support the alleged violations and has waited the applicable exhaustion period

prior to filing this lawsuit. Therefore, the Plaintiff is entitled to prosecute their Private Attorney

General Act ("PAGA") claims under Cal. Labor Code §2699 et seq.

86.     Plaintiff requests civil penalties against Defendants for their violations of the Labor

Code, as provided under Labor Code §226.3, § 558, §1174.5,  and § 2699(f), as well as for return and

reimbursement of money and property pursuant to Labor Code §2802, plus attorneys' fees and

costs, in amounts to be proved at trial.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays for relief and judgement on behalf of herself, others

similarly situated, and the State as follows:

## ON THE FIRST CAUSE OF ACTION

1.     That the Court declare, adjudge, and decree that Defendant violated California

Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all

overtime wages due to Plaintiff and others similarly situated;

2.     For general unpaid wages at required overtime wage rates and such general and

special damages as may be appropriate;

3.     For pre-judgment interest on any unpaid overtime compensation commencing from

the date such amounts were due;

4.     For reasonable attorneys' fees and for costs of suit incurred herein pursuant to

California Labor Code section 1194(a); and

5.     For such other and further relief as the Court may deem equitable and appropriate;

## ON THE SECOND CAUSE OF ACTION

6.     That the Court declare, adjudge, and decree that Defendant violated California

Labor Code sections 226.7 and 512(a) and applicable IWC Wage Order(s) by willfully failing to

provide all meal periods to Plaintiff and others similarly situated;

7. That the Court make an award to the Plaintiff and others similarly situated of one (1) hour of pay at their regular rate of compensation for each workday that a meal period was not provided;

8. For all actual, consequential, and incidental losses and damages, according to proof;

9. For premiums pursuant to California Labor Code section 226.7(b);

10. For pre-judgment interest on any unpaid meal period premiums from the date such amounts were due; and

11. For such other and further relief as the Court may deem equitable and appropriate.

### ON THE THIRD CAUSE OF ACTION

12. That the Court declare, adjudge, and decree that Defendant violated California Labor Code sections 226.7 and 512(a) and applicable IWC Wage Order(s) by willfully failing to provide all rest periods to Plaintiff and others similarly situated;

13. That the Court make an award to the Plaintiff and others similarly situated of one (1) hour of pay at his regular rate of compensation for each workday that a rest period was not provided;

14. For all actual, consequential, and incidental losses and damages, according to proof;

15. For premiums pursuant to California Labor Code section 226.7(b);

16. For pre-judgment interest on any unpaid meal period premiums from the date such amounts were due; and

17. For such other and further relief as the Court may deem equitable and appropriate.

### ON THE FOURTH CAUSE OF ACTION

18. That the Court declare, adjudge and decree that Defendants violated the recordkeeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders as to Plaintiff and others similarly situated, and willfully failed to provide accurate itemized wage statements thereto;

19. For all actual, consequential and incidental losses and damages, according to proof;

20. For injunctive relief pursuant to California Labor Code section 226(h);

21. For statutory penalties pursuant to California Labor Code section 226(e); and

1    22.    For such other and further relief as the Court may deem equitable and appropriate;

2                          **ON THE FIFTH CAUSE OF ACTION**

3    23.    That the Court declare, adjudge and decree that Defendant violated California Labor

4    Code section 204 by willfully failing to pay overtime wages, minimum wages, and meal and rest

5    period premiums owed to Plaintiff to others similarly situated during his employment;

6    24.    For all actual, consequential and incidental losses and damages, according to proof;

7    25.    For statutory penalties pursuant to California Labor Code § 204 for Plaintiff and

8    others similarly situated;

9    26.    For pre-judgment interest on any unpaid wages from the date such amounts were

10   due; and

11   27.    For such other and further relief as the Court may deem equitable and appropriate.

12                         **ON THE SIXTH CAUSE OF ACTION**

13   28.    That the Court declare, adjudge and decree that Defendant violated California Labor

14   Code section 1174 by willfully failing to provide accurate payroll records;

15   29.    For all actual, consequential and incidental losses and damages, according to proof;

16   30.    For statutory penalties pursuant to California Labor Code § 1174.5 for Plaintiff and

17   others similarly situated;

18   31.    For pre-judgment interest on any unpaid wages from the date such amounts were

19   due; and

20   32.    For such other and further relief as the Court may deem equitable and appropriate.

21                        **ON THE SEVENTH CAUSE OF ACTION**

22   33.    For special, consequential and double damages in an amount according to proof at

23   time of trial;

24   34.    For general damages in an amount according to proof at time of trial;

25   35.    For exemplary and/or punitive damages, as against Defendants, in an amount to be

26   determined according to proof at time of trial; and

27   36.    For reasonable attorneys fees and costs;

28   37.    For such other and further relief as the Court may deem equitable and appropriate;

## ON THE EIGHTH CAUSE OF ACTION

38.     That Defendant be found to have engaged in unlawful business practices and unfair competition in violation of §§17200, et seq. of the California Business & Professions Code; and

39.     That Defendant be ordered and enjoined to make restitution to Plaintiff and others similarly situated due to their unfair business practices, including disgorgement of wrongfully withheld wages, improper deductions and charges, and unreimbursed expenses pursuant to California Business & Professions Code §§17203 and 17204; and

40.     That Defendant be enjoined from continuing the illegal course of conduct alleged herein.

41.     For such other and further relief as the Court may deem equitable and appropriate.

## ON THE NINTH CAUSE OF ACTION

42.     For penalties and other relief pursuant to *Labor Code* § 2699 for Plaintiff and all aggrieved employees;

43.     That Defendant be enjoined from continuing the illegal course of conduct alleged herein;

44.     For private attorney general enforcement through the courts on behalf of the state of California;

45.     For such other and further relief as the Court may deem equitable and appropriate.

## ON ALL CAUSES OF ACTION

46.     For costs of suit incurred herein;

47.     For prejudgment interest as provided by law; and

48.     For such other and further relief as the Court deems just and proper.

DATED: May _____, 2015                      SCHIMMEL & PARKS
                                            *A Professional Law Corporation*


                                            _____
                                            Alan I. Schimmel
                                            Michael W. Parks
                                            Stacey R. Cutting
                                            Attorneys for Plaintiff LOURDES LEFEVRE, and
                                            all similarly situated and aggrieved employees

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of the causes of action and claims asserted herein.

DATED: May ____, 2015

SCHIMMEL & PARKS
*A Professional Law Corporation*

Alan I. Schimmel
Michael W. Parks
Stacey R. Cutting
Attorneys for Plaintiff LOURDES LEFEVRE, and
all similarly situated and aggrieved employees.

2014-1049
67240.wpd