Name: Connie Michaels (SBN 128065); Elizabeth Staggs-Wilson (SBN 183160); Maggy Athansious (252137)
Address: 2049 Century Park East, 5th Floor
City, State, Zip: Los Angeles, CA 90048
Phone: 310-553-0308
Fax: 310-553-5583
E-Mail: cmichaels@littler.com; estaggs-wilson@littler.com

☐ FPD  ☐ Appointed  ☐ CJA  ☐ Pro Per  ☒ Retained

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

LOURDES LEFEVRE

PLAINTIFF(S),

v.

FIVE STAR QUALITY CARE, INC.

DEFENDANT(S).

CASE NUMBER:
5:15-cv-01305 VAP (SPx)

**NOTICE OF APPEAL**

NOTICE IS HEREBY GIVEN that Defendant Five Star Quality Care, Inc. hereby appeals to
*Name of Appellant*
the United States Court of Appeals for the Ninth Circuit from:

**Criminal Matter**

☐ Conviction only [F.R.Cr.P. 32(j)(1)(A)]
☐ Conviction and Sentence
☐ Sentence Only (18 U.S.C. 3742)
☐ Pursuant to F.R.Cr.P. 32(j)(2)
☐ Interlocutory Appeals
☐ Sentence imposed:

☐ Bail status:

**Civil Matter**

☒ Order (specify): Order Denying In Part Defendant's Motion To Compel Arbitration (See Exhibit A)

☐ Judgment (specify):

☐ Other (specify):

Imposed or Filed on December 11, 2015. Entered on the docket in this action on December 11, 2015.

A copy of said judgment or order is attached hereto.

January 11, 2016
Date

Signature
☐ Appellant/ProSe  ☒ Counsel for Appellant  ☐ Deputy Clerk

Note: The Notice of Appeal shall contain the names of all parties to the judgment or order and the names and addresses of the attorneys for each party. Also, if not electronically filed in a criminal case, the Clerk shall be furnished a sufficient number of copies of the Notice of Appeal to permit prompt compliance with the service requirements of FRAP 3(d).

A-2 (01/07)    NOTICE OF APPEAL    American LegalNet, Inc.
www.FormsWorkflow.com

# EXHIBIT A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

| | |
|---|---|
| Lourdes Lefevre, et. al., <br><br> Plaintiffs, <br><br> v. <br><br> Five Star Quality Care, Inc., et. al., <br><br> Defendants. | EDCV 15-1305-VAP (SPx) <br><br> **ORDER DENYING IN PART DEFENDANT'S MOTION TO COMPEL ARBITRATION** |

On October 21, 2015, Defendant Five Star Quality, Inc. ("Defendant") filed its Motion to Compel Arbitration ("Motion"). (Doc. 16.) Plaintiff Lourdes Lefevre ("Plaintiff") opposed the Motion on November 20, 2015 (Doc. 18), and Defendant replied on December 2, 2015 (Doc. 24).

After consideration of the papers filed in support of, and in opposition to, the Motion, the Court DECLINES TO RULE on the Motion as to Plaintiff's class action claims and instead sets an evidentiary hearing for December 21, 2015, at 2:00 P.M. to determine whether Plaintiff signed the arbitration agreement that is the subject of this action. To the extent, however, that Defendant seeks to compel arbitration of Plaintiff's representative claims under the Private Attorneys General Act (PAGA), the Motion is DENIED.

## I. BACKGROUND

Defendant operates a number of locations for "senior living" in California, including in San Bernardino County. (Complaint (Doc. 1-1) ¶ 3.) Defendant employed Plaintiff in January 2013 as a personal care worker at the company's location in Redlands, California. (Id. ¶¶ 5, 12.) During her employment, Plaintiff alleges Defendant violated various California labor laws by, among other things, underpaying her for overtime work, failing to provide her with meal breaks, improperly charging her for the cost of her employment-related uniforms and

1

equipment, and failing to provide her with paper copies of her itemized paychecks. (Id. ¶¶ 13-17.) Based on these violations, Plaintiff brings: (1) a representative PAGA action, and (2) a class action on behalf of those who were not paid properly, not given proper meal periods and rest breaks, and suffered improper expense deductions on behalf of Defendant. (Id. ¶19.)

Defendant nonetheless claims Plaintiff agreed to arbitrate all claims related to her employment pursuant to the Mutual Agreement to Resolve Disputes and Arbitrate Claims ("Agreement") she allegedly signed on January 9, 2013. (Exhibit B (Doc. 16-3) at 13.) The Agreement required the parties to arbitrate "all disputes, claims or controversies arising out of [Plaintiff's] employment" and also included a choice-of-law provision which stated that Maryland law would govern "whether a party's claim is subject to [the] Agreement." (Id. at 7, 10.) Defendant brings this Motion to enforce this Agreement.

## II. LEGAL STANDARD

The Federal Arbitration Act ("FAA") "was enacted . . . in response to widespread judicial hostility to arbitration agreements." AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 131 S. Ct. 1740, 1745 (2011) (citation omitted). It governs arbitration agreements in contracts involving transactions in interstate commerce, including employment contracts. See 9 U.S.C. § 1; Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983); Circuit City Stores, Inc. v. Adams, 532 U.S. 105, 119 (2001).

Section 2 of the FAA states: "A written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Section 2 of the FAA "reflect[s] both a liberal federal policy favoring arbitration and the fundamental principle that arbitration is a matter of contract." Concepcion, 131 S. Ct. at 1745 (citation and internal quotation marks omitted). "In line with these principles, courts must place arbitration agreements on an equal footing with other contracts, and enforce them according to their terms." Id. at 1745-46 (citations omitted).

"Because the FAA mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed, the FAA limits courts' involvement to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." Cox v. Ocean View Hotel Corp., 533 F.3d 1114, 1119 (9th Cir. 2008) (citation and internal quotation marks omitted). "If the response is affirmative on both counts, then the [FAA] requires the court to enforce the arbitration agreement in accordance with its terms." Chiron Corp. v. Ortho Diagnostic Sys., Inc., 207 F.3d 1126, 1130 (9th Cir. 2000).

"[T]he party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." Green Tree Fin. Corp. v. Randolph, 531 U.S. 79, 91-92 (2000).

### III. DISCUSSION

**A. Whether the Parties Entered into an Arbitration Agreement**

As with all arbitration disputes, the Court must begin its analysis by determining "whether a valid agreement to arbitrate exists." Cox, 533 F.3d at 1119.

Here, Plaintiff claims she "never signed the document that [Defendant] claims is an 'agreement'" and that she is therefore not bound by it. (See Opp'n at 5; Lourdes Lefevre Declaration ("Lefevre Declaration") (Doc. 18-1) ¶¶ 2-3.) Plaintiff further claims that "someone falsely wrote [her] name on the [Agreement]" and has attached a "true and correct copy" of her signature as Exhibit A to her Declaration. (Lefevre Declaration ¶ 3.) Exhibit A, however, appears to be incomplete and does not contain her signature.

Defendant claims Plaintiff assented to the Agreement by signing it. (See Reply at 9.) Defendant further contends that it has produced "multiple documents containing Plaintiff's handwritten name that appear to be the same handwriting as Plaintiff's signature on the Agreement." (Id.) Defendant has provided a declaration from Kristine Iwakoshi, its Regional Human Resources Director, who states the same. (See Kristine Iwakoshi Declaration ("Iwakoshi Declaration") (Doc. 24-1) ¶ 5.)

3

On this record, the Court declines to decide whether Plaintiff and Defendant entered into a valid contract to arbitrate Plaintiff's class action claims. The Court orders the parties to appear at an evidentiary hearing set for December 21, 2015, at 2:00 P.M. to determine whether Plaintiff signed the Agreement and assented to its terms.

## B.  PAGA Claims

In addition to her class action claims, Plaintiff brings representative PAGA claims alleging violations of the California labor laws. (Compl. ¶¶ 80-86.) The Court nonetheless finds that such claims are not subject to arbitration, even if Plaintiff and Defendant agreed to arbitrate their employment-related disputes.

The Court begins by analyzing the choice-of-law provision contained in the Agreement and deciding which state's law -- Maryland or California – applies, and then applies the appropriate state's law to determine whether to enforce the Agreement. The Court ultimately finds (1) California law applies, and (2) California law precludes application of the Agreement to Plaintiff's representative PAGA claims.

### 1.  Choice-of-Law Provision

"When a federal court sits in diversity, it must look to the forum state's [choice-of-law] rules to determine the controlling substantive law." Patton v. Cox, 276 F.3d 493, 495 (9th Cir. 2002) (citing Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941)).[1] As the forum state here is California, the Court will apply California's choice-of-law rules to determine the enforceability of the Agreement's choice-of-law provision. For the reasons set forth below, the Court finds the provision invalid and thus applies California, rather than Maryland, law to Plaintiff's PAGA claims.

---

[1] Defendant removed the instant action pursuant to the Class Action Fairness Act ("CAFA"). (Notice of Removal (Doc. 1) ¶ 10.) Given that CAFA relies on the diversity of the parties for removal, the Court applies the choice-of-law rules of the forum state. See Becher v. Northwestern Mut. Life Ins. Co., No. CV 10-6264 PSG (AGRx), 2010 WL 5138910, at *2, 4 (C.D. Cal. Dec. 9, 2010) (applying choice-of-law rules of forum state in CAFA action).

California courts apply a three-part test to determine the enforceability of a contractual choice-of-law provision. See Nedlloyd Lines B.V. v. Superior Ct., 3 Cal. 4th 459, 465-67 (1992). First, the court must determine either: "(1) whether the chosen state has a substantial relationship to the parties or their transaction, or (2) whether there is any other reasonable basis for the parties' choice of law." Id. at 466. "If . . . either test is met, the court must next determine whether the chosen state's law is contrary to a *fundamental* policy of California." Id. "If . . . there is a fundamental conflict with California law, the court must then determine whether California has a materially greater interest than the chosen state in the determination of the particular issue." Id. (internal quotation marks omitted).

### a.     Substantial Relationship

Here, Defendant has satisfied the first step of the choice-of-law analysis. Maryland "has a substantial relationship to the defendant[] in this case" because "[i]t is the state where [Defendant is] incorporated." See Klussman v. Cross Country Bank, 134 Cal. App. 4th 1283, 1292 (2005); Notice of Removal ¶ 34.

### b.     Contrary to Fundamental Policy of California

The second step requires this Court to determine whether Maryland law is "contrary to a *fundamental* policy of California." See Neddloyd, 3 Cal. 4th at 466. "To be fundamental . . . , a policy must be a substantial one." Brack v. Omni Loan Co., Ltd., 164 Cal. App. 4th 1312, 1323 (2008). "The relative significance of a particular policy or statutory scheme can be determined by considering whether parties may, by agreement, avoid the policy or statutory requirement." Id.

At issue in this case is whether a party may waive by agreement her right to bring a representative PAGA claim. The California Supreme Court squarely addressed this issue in Iskanian v. CLS Transportation Los Angeles, LLC, and found that "an employee's right to bring a PAGA action is unwaivable." 59 Cal. 4th 348, 382-83 (2014). The court reasoned that "an agreement by employees to waive their right to bring a PAGA action" would undermine PAGA's purpose of "empowering employees to enforce the Labor Code as representatives of the [Labor and Workforce Development] Agency." Id. at 383. The court further stated that such an agreement would violate California Civil Code § 3513, which states that a "law established for a public reason cannot be contravened by a private agreement." See

id. As such an agreement would "harm the state's interests in enforcing the Labor Code and in receiving the proceeds of civil penalties used to deter violations," the court held that it was "against public policy" and should "not be enforced." See id. at 383.

To the extent that Defendant argues the Federal Arbitration Act ("FAA") preempts the Iskanian rule, both the California Supreme Court and the Ninth Circuit have found no preemption. See Iskanian, 59 Cal. 4th at 386; Sakkab v. Luxottica Retail North America, Inc., 803 F.3d 425, 431 (9th Cir. 2015). In Iskanian, the California Supreme Court reasoned that "a PAGA claim lies outside the FAA's coverage because it is not a dispute between an employer and an employee arising out of their contractual relationship. It is a dispute between an employer and the *state*." See Iskanian, 59 Cal. 4th at 386. The Ninth Circuit further stated that "the *Iskanian* rule prohibiting waiver of representative PAGA claims does not diminish parties' freedom to select informal arbitration procedures." Sakkab, 803 F.3d at 435. As the rule did not conflict with the FAA's purposes, the court found no preemption. See id.

Given that representative PAGA claims cannot be waived by private agreement, the Court finds that the Iskanian rule embodies "the kind of policy which is fundamental within the meaning of section 187 of the Restatement." See Brack, 164 Cal. App. 4th at 1324.

The Court further finds that Maryland law conflicts with the policy embodied in the Iskanian rule. PAGA is a California-specific statute, and thus Maryland courts have not had an opportunity to interpret or apply it. Presumably, a Maryland court would apply traditional contract principles to determine whether there was a valid arbitration agreement that precluded a PAGA representative action. As Defendant argues, if a Maryland court were to do so, it would find the arbitration agreement valid. (Motion at 10.) Furthermore, although Defendant claims that "Maryland law is not contrary to any policy in California with regard[] to the enforcement of arbitration agreements," it has wholly failed to discuss the Iskanian decision and its application to PAGA claims. (See id. at 8.) Rather, Defendant simply states that the Maryland Uniform Arbitration Act is "consistent with federal and California law" in that it "expresses a legislative policy favoring the enforcement of agreements to

6

arbitrate." (Id.) Without an analysis of the Iskanian decision, the Court finds Defendant's contentions unpersuasive.

Accordingly, the Court finds that Maryland law is "contrary to [the] *fundamental* policy of California" embodied in the Iskanian decision. See Neddloyd, 3 Cal. 4th at 466.

### c. Materially Greater Interest in the Litigation

The final step is to determine which state has a "materially greater interest" in the litigation. See Nedlloyd, 3 Cal. 4th at 466. To make this determination, courts consider factors such as "(a) the place of contracting, . . . (b) the place of negotiation of the contract, . . . (c) the place of performance, . . . (d) the location of the subject matter of the contract, and . . . (e) the domicil[e], residence, nationality, place of incorporation and place of business of the parties." Application Grp., Inc. v. Hunter Grp., Inc., 61 Cal. App. 4th 881, 903 (1998) (citations omitted) (internal quotation marks omitted). A court may also consider "which state . . . will suffer greater impairment of its policies if the other state's law is applied." Brack, 164 Cal. App. 4th at 1329.

Here, Plaintiff claims "the employment relationship that gave rise to the allegations set forth [in the Complaint] was entered into in California, and that the subject of said employment relationship arose in the County of San Bernardino." (Compl. ¶ 11.) The three classes that Plaintiff seeks to represent are all composed of "employees employed by Defendant in California." (Id. ¶ 19.) Plaintiff is also a "citizen of the State of California" and was employed in Redlands, California. (Notice of Removal ¶ 33; Compl. ¶ 5.) Accordingly, "the place of contracting," "the place of performance," "the location of the subject matter of the contract" and "the domicil[e]" of Plaintiff weigh in favor of applying California law.

Furthermore, as in Brack, the Court here finds that California will "suffer greater impairment of its policies" if Maryland law is applied. See 164 Cal. App. 4th at 1329. In Brack, the court found that applying Nevada, rather than California, law "would deprive a substantial segment of the borrowing public in [California] of the substantive and regulatory protection California affords all of its other consumers." Id. Similarly, in this case, application of Maryland law would deprive California

employees of the protections provided in PAGA. As "[Maryland's] interest in applying its law is limited to its more general interest in enforcing the provisions of contracts made by one of its citizens," California has a greater interest in applying its laws to the instant action.[2] See id.

Accordingly, the Court will apply California law to Plaintiff's representative PAGA claims.

### 2. California Law and Plaintiff's Representative PAGA Claims

As stated above, the California Supreme Court has held that representative PAGA claims are "unwaivable." Iskanian, 59 Cal. 4th at 383. The Ninth Circuit has reaffirmed the Iskanian decision and has concluded that the FAA does not preempt the California Supreme Court's decision. Sakkab, 803 F.3d at 439.

Given that Plaintiff could not have waived by arbitration agreement her right to bring representative PAGA claims, the Court DENIES Defendant's Motion to Compel Arbitration.

---

[2] Defendant identifies no other interest of Maryland relevant here, and the Court finds none as well.

## IV. CONCLUSION

For the reasons stated above, the Court declines to rule on whether Plaintiff's class action claims are subject to arbitration pending an evidentiary hearing regarding Plaintiff's assent to the Agreement. The Court sets the hearing on December 21, 2015, at 2:00 P.M.

With regard to Plaintiff's representative PAGA claims, the Court applies California law and concludes that she has not waived them. Defendant's Motion to Compel is thus DENIED as to these claims.

**IT IS SO ORDERED.**

Dated: 12/11/15

Virginia A. Phillips
United States District Judge